Battle, J.
 

 The objection, that the defendant cannot retain because the debt was due from his intestate to him as “ cashier of the Farmers’ Bank,” is clearly untenable. He is in law the creditor, and any suit to be brought for the debt, must be
 
 *4
 
 in his individual name and it matters not, in a court of law, for whose benefit he is to hold the money when collected.
 
 Horah
 
 v.
 
 Long,
 
 4 Dev. & Bat. Rep. 274. The only difficulty is in the question, whether the defendant can retain the proceeds of the separate assets of his intestate for a partnership debt as against the plaintiffs who are separate creditors of the intestate ? But that difficulty is rather apparent than real. If Casey had been living, the defendant could undoubtedly have sued him alone under the provisions of the 89th sec. of the 31st ch. of the Bevised Statutes; (See
 
 Greer
 
 v.
 
 Fletcher,
 
 1 Ire. 417,) and upon obtaining judgment might have had his property sold under an execution. So upon his death, if any other person than the defendant had taken out letters of administration upon his estate, the defendant might have sued him and enforced the collection of the debt out of the assets in his hands. But as he administered upon the debtor’s estate himself, he could not sue, and for that reason the law concedes to him the right of retainer. The right to sue another person is clearly given by the 90th sec. of the Statute referred to, (see
 
 Smith
 
 v.
 
 Fagan,
 
 2 Dev. Rep. 298,) and the principle of retainer follows as a necessary consequence when the creditor becomes himself the administrator. If the plantiff has any rights against the defendant, they certainly do not exist in a court of law.
 

 Judgment affirmed.
 

 Per Curiam.